## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| BARBARA LAKKARD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.,<br><br>　　　　　　Defendant. | Case No.: 17-cv-614<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION

2.  The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.  Plaintiff Barbara Lakkard is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.  Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5.  Defendant Eastern Account System of Connecticut, Inc. ("Eastern") is a debt collection agency with its principal offices located at 75 Glen Rd Ste 310, Sandy Hook, CT 06482.

6. Eastern is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Eastern is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Eastern is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

8. On or about March 27, 2017, Eastern mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Time Warner Cable" ("Time Warner"). A copy of this letter is attached to this Complaint as Exhibit A.

9. The alleged debt referenced in Exhibit A was a cable television/internet services account, and the alleged debt was incurred for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Eastern to attempt to collect alleged debts.

12. Exhibit A was the first letter Eastern sent to Plaintiff regarding this alleged debt.

13. Eastern's letter as a whole is confusing and misleading to the unsophisticated consumer.

14. Exhibit A states at the top and bottom of the letter:

```
               Service Balance Due: $ 311.06
Equipment Balance (if not returned): $ 163.00
                  Total Balance Due: $ 474.06
```

2

15. The "Equipment Balance (if not returned)" language has several possible meanings and is ambiguous and confusing.

16. It is not clear whether that language means that the consumer may return the equipment that is the purported basis for the "Equipment Balance" to Time Warner in lieu of paying the "Equipment Balance," or that the consumer must pay the "Equipment Balance" regardless of whether he returns the equipment in the future.

17. <u>Exhibit A</u> also states:

> Your account has been placed with this office for collection. To avoid further collection activity, pay it in full. If you can not pay it in full or have a problem, contact our office.

18. By including an equipment fee/cost that may or may not be applicable if the equipment is returned in the "Total Balance Due" calculation, and then stating that only "payment in full" will stop further collection activity, (<u>Exhibit A</u>) Eastern's letter is confusing. The unsophisticated consumer would have no idea whether payment of the "Service Balance Due" and the return of equipment would result in satisfaction of the alleged debt.

19. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

21. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

22. 15 U.S.C. §1692g(a)(1) requires:

> (a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;

23. Plaintiff was confused by Exhibit A.

24. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. Eastern represented the amount of the debt that Eastern was attempting to collect in a confusing manner by stating a separate "Service Balance" and "Equipment Balance (if not returned)," while also demanding payment in full. Exhibit A.

30. The unsophisticated consumer would be confused as to whether payment of the "Service Balance" of $311.06 plus returning any equipment would satisfy the debt or whether the consumer would be on the hook for the extra "Equipment Balance" regardless of whether he returned equipment.

31. Eastern's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692g(a)(1).

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by

Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between April 28, 2016 and April 28, 2017, inclusive, (e) that was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated:  April 28, 2017

                               **ADEMI & O'REILLY, LLP**

By:    /s/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com